*349 CONCURRING OPINION
CHIEF JUSTICE SAYLOR
I join the majority opinion in full and ■write only to note that I am not unsympathetic to the Starlings. Candidly, I find any effort by the Association to encourage common use of the Disputed Property— particularly large-scale use—to ,be distasteful, especially if the history of disorderly conduct on and around such property is as alleged. In this respect, I regard the Association’s assertion of legal title to this land to be doubtful in its own right; moreover, it seems to me that the land was originally intended to be left simply as a part of a thin undeveloped shoreline appurtenant to a wider road. Nevertheless, per the Uniform Planned Community Act, it would appear that the Association has the legal right to provide for common use, see 68 Pa.C.S. § 6302(a)(6) (recognizing that an association may “[rjegulate the use, maintenance, repair, replacement and modification of common elements” of a planned community),[1] subject, of course, to its own rules and regulations, prevailing covenants, and the law of nuisance.

. Notably, for purposes of the statute, "common elements" is defined to subsume not only "common facilities,” x.e., real estate owned or leased by the association, but also "controlled facilities,” which includes any real estate within the community—owned or non-owned—over , which the association asserts control. 68 Pa.C.S. § 5103.